NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA YESENIA CASTRO DE GARCIA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-1888 Agency No. A205-415-701 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2025
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Claudia Yesenia Castro de Garcia, a native and citizen of El Salvador,
petitions for review of a decision by the Board of Immigration Appeals ("BIA")
dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum,
withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and added its own reasoning, we review both the BIA's and IJ's decisions. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1. The IJ found Castro ineligible for asylum and withholding after determining that her proposed particular social groups were not cognizable, and the BIA expressly affirmed that holding. Castro advances no substantive argument to this Court that the IJ's ruling was erroneous.[1] Thus, she has forfeited any challenge to this dispositive holding, and we deny her petition for review as to asylum and withholding. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

2. Although the IJ's implication that domestic violence could not constitute torture unless committed by a government actor misstated the law,[2] the

---

[1] The relevant portion of Castro's opening brief argues only that the BIA applied an incorrect standard of review because it said that Castro had "not identified any clear error" in the IJ's decision. But Castro takes that statement out of context. The BIA stated that Castro had not "identified any clear error of fact in the Immigration Judge's decision, nor has she raised any argument on appeal that would cause us to disturb the Immigration Judge's decision." The BIA also made clear that it was reviewing findings of fact under the clearly erroneous standard, but "all other issues, including issues of law, discretion, or judgment, under the de novo standard."

[2] The governing regulation, 8 C.F.R. § 1208.18(a)(1), provides:

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession,

BIA's independent conclusion that Castro did not establish a likelihood of future torture was supported by substantial evidence. *See* 8 C.F.R. § 1208.16(c)(3). As the BIA noted, Castro has had no contact with her abuser since late 2012 and does not know where he is currently located. Thus, the "circumstances or conditions have changed significantly" from when Castro was living with him, greatly reducing the likelihood of future domestic violence. *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005). Moreover, the record does not compel the conclusion that it would be unreasonable or unsafe for Castro to relocate in El Salvador if removed. *See* 8 C.F.R. § 1208.16(c)(3)(ii); *Dawson v. Garland*, 998 F.3d 876, 882-83 (9th Cir. 2021) (finding petitioner did not establish a likelihood of future torture at the hands of an abusive domestic partner when the petitioner interacted with him less frequently after she received a protection order and moved).

**PETITION FOR REVIEW DENIED.**[3]

---

punishing him or her for an act he or she or a third person has committed or is suspected of having committed, intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.

[3]    The stay of removal, **Dkt. 2**, shall dissolve on the issuance of the mandate.